UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GARY M. SHUKOSKI,

        Plaintiff,

v.                                             Case No. 09-C-324

UNITED STATES OF AMERICA,[1]

        Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Gary M. Shukoski, who is proceeding pro se, filed a small claims action in Winnebago County Circuit Court on February 3, 2009 against the Internal Revenue Service ("IRS"), seeking to enjoin the IRS from garnishing his wages for taxes owed and demanding return of funds previously garnished. (Doc. # 1.) The United States removed the case to this Court on March 25, 2009. (Doc. # 2.) Shukoski apparently objects to the removal, as he submitted a letter on April 13, 2009 expressing his desire to have his case heard in by a "7th Amendment common law jury" in state court. (Doc. # 9.) Shukoski challenges the constitutionality of the federal income tax system based on some well-worn tax protestor arguments. He contends that: 1) the system of federal taxation is unconstitutional because the Sixteenth Amendment was never ratified; 2) as the tax system it is based upon voluntary compliance and he has opted out, taxing his wages is fraud; and

---

[1]Though Shukoski named the IRS as defendant, the proper defendant is the United States, so the pleadings will be amended with the United States replacing the IRS as defendant. *See* 26 U.S.C. § 7422(f); *see also Salah v. United States*, 11 Fed. Appx. 603, n.* (7th Cir. 2001) (unpublished).

3) no statute or law requires him to file an income tax return. This matter is before me on defendant's motion to dismiss under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. (Doc. # 11.) Shukoski has not responded to the motion within the time provided by Civil L.R. 7.1, so I now address the motion.[2] For the reasons stated below, the motion will be granted.

## ANALYSIS

**I. Standards**

In reviewing the plaintiff's complaint with regard to any motion to dismiss, all well-pleaded facts are assumed to be true, and all such facts, as well as the reasonable inferences therefrom, are viewed in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of this Court over the subject matter related in the complaint. A motion to dismiss under Rule 12(b)(6), on the other hand, challenges the sufficiency of the complaint to state a claim upon which relief can be granted. In this connection, a complaint has "two easy-to-clear hurdles" to state a claim in federal court:

> First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests. Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court.

*Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)).

---

[2] Defendant provided Shukoski copies of the federal and local rules required by Civil L.R. 56.1. (Doc. # 11.)
2

## II. Removal

An initial matter worthy of brief mention is plaintiff's apparent objection to the removal of this matter to federal court. When the United States or one of its agencies is sued in state court, removal is authorized by statute. 28 U.S.C. § 1442(a)(1). Because Shukoski filed an action against the IRS, an agency of the United States, alleging that the IRS had unconstitutionally garnished his wages, removal of this matter was proper under 28 U.S.C. § 1442(a)(1).

## III. Adequacy of the Pleadings

The United States argues that given the state of the law, all three of Shukoski's allegations regarding the tax system are without any merit whatsoever. I agree. As to Shukoski's first claim that the tax system is unconstitutional because the Sixteenth Amendment was never ratified, ". . . courts have long recognized the Sixteenth Amendment's ratification and validity." *Betz v. United States*, 49 Fed. Cl. 286, 295 (1998) (citation omitted); *see also United States v. Sitka*, 845 F.2d 43, 46-47 (2nd Cir. 1988) (holding that "[t]he validity of that process and of the resulting constitutional amendment are no longer open questions"). Because Shukoski's challenge to the constitutionality of the system of federal income taxation is frivolous on the merits, he fails to state a claim upon which relief can be granted, so this claim will be dismissed.

Shukoski's second allegation is that because he has opted not to pay taxes, under his belief that the tax system is voluntary, any efforts of the government to tax his wages is fraud. Defendant argues that Shukoski misapprehends the way in which the tax system is "voluntary," as it means that the IRS allows taxpayers to independently disclose or "self-report" earnings on a tax return, not that payment of any tax owed itself is voluntary. (Def.'s Br. in Supp. of Mot. to Dismiss at 4, Doc.

3

# 12.) As paying federal income taxes is not "voluntary" in the sense that it is optional, this contention is also wholly without merit and will be dismissed. *See, e.g., Wilcox v. Comm'r Internal Revenue*, 848 F.2d 1007, 1008 (9th Cir. 1988).

This leaves Shukoski's assertion that he is under no affirmative legal obligation to file a federal income tax return, which is also baseless. The duty to file a tax return is statutorily imposed. *See* 26 U.S.C. § 7203; *see also United States v. Patridge*, 507 F.3d 1092, 1094 (7th Cir. 2007) (noting that Section 7203 "requires a 'return' but does not define that word or require anyone to use Form 1040, or any 'official' form at all. All that is required is a complete and candid report of income."). This claim will also be dismissed.

**IV. Sovereign Immunity**

Defendant contends that it enjoys sovereign immunity, which bars this suit. The United States, a sovereign, cannot be sued without its consent. *United States v. Shaw*, 309 U.S. 495, 500-01 (1940); *see also Clark v. United States*, 326 F.3d 911, 912 (7th Cir. 2003) ("To maintain an action against the United States in federal court, a plaintiff must identify a statute that confers subject matter jurisdiction on the district court and a federal law that waives the sovereign immunity of the United States to the cause of action.") (citing *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002); *Kanar v. United States*, 118 F.3d 527, 530 (7th Cir. 1997)). While the Federal Tort Claims Act waives the United States' sovereign immunity for claims arising out of the tortious acts of federal employees, *see* 28 U.S.C. § 1346(b)(1), specifically excluded from that waiver is "any claim arising in respect of the assessment or collection of any tax or customs duty . . . ." 28 U.S.C. § 2680(c). "Through the § 2680 exceptions, 'Congress has taken steps to protect the Government

4

from liability that would seriously handicap efficient government operations.'" *Molzof v. United States*, 502 U.S. 301, 112 S.Ct. 711, 718 (1992) (quoting *United States v. Muniz*, 374 U.S. 150, 163 (1963)).

Here, plaintiff attempts to sue the IRS, though the United States is the proper party given 28 U.S.C. § 7422(f). To the extent Shukoski brings a claim sounding in tort against the United States for past garnishments, it is barred based upon the exception of 28 U.S.C. § 2680(c) for activities relating to the assessment and collection of taxes. Even if Shukoski could properly bring a claim against the IRS, it would be also be dismissed on the same basis, as "courts have found that the actions of the IRS or its agents fall under the Federal Tort Claims Act exception for collection and assessment of taxes." *Cameron v. IRS*, 593 F. Supp. 1540, 1549 (N.D. Ind. 1984) (citing *Morris v. United States*, 521 F.2d 872, 874 (9th Cir. 1975); *Spilman v. Crebo*, 561 F. Supp. 652, 654-55 (D. Mont. 1982)). If an issue relating to immunity can be resolved at the pleadings stage, the court should address it, as the Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (citations omitted). Therefore, to the extent Shukoski attempts to bring a tort claim relating to previous garnishment actions against him against the United States, such a claim must be dismissed on the basis of sovereign immunity for failure to state a claim.[3]

---

[3] The Seventh Circuit has observed that though courts have treated the statutory exception to Federal Tort Claims Act liability found in § 2680(c) as depriving the district courts of subject matter jurisdiction, operation of the exception is perhaps more appropriately viewed in terms of a failure to state a claim. *Clark*, 326 F.3d at 913. In any event, whether the exception results in dismissal for a want of subject matter jurisdiction or because Shukoski fails to state a claim, the distinction has no practical import here and the result is the same.

5

## V. The Anti-Injunction Act

Defendant also contends that the Court lacks jurisdiction over Shukoski's claim to enjoin future garnishments based upon the Internal Revenue Code's Anti-Injunction Act, 26 U.S.C. § 7421(a), which generally prohibits suits for the purpose of restraining the assessment or collection of any tax. The statute provides:

> **(a) Tax.**--Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(I), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a). "The primary purpose of the statute is 'protection of the Government's need to assess and collect taxes with a minimum of pre-enforcement judicial interference . . . .'" *Rappaport v. United States*, 583 F.2d 298, 301 (7th Cir. 1978) (*quoting Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1973)). If none of the statutory exceptions of § 7421(a) apply, as they do not here, the only way an injunction is permitted in a tax case is where Congress has provided no other remedy to the aggrieved party, *South Carolina v. Regan*, 465 U.S. 367, 378 (1984), or where "(1) under the most liberal view of the law and facts, the government could not ultimately prevail; and (2) plaintiff will sustain irreparable injury for which there is no adequate remedy at law." *Rappaport*, 583 F.2d at 301-02 (citations omitted).

As none of the statutory exceptions to § 7421(a) are applicable, only a finding that Shukoski has been provided no other remedy by Congress or the that two conditions discussed in *Rappaport* are met will prevent dismissal of this matter for lack of subject matter jurisdiction. Shukoski cannot claim that Congress has not provided another remedy, as once he makes a claim for a refund with the IRS he may bring a refund suit for taxes already paid, or pay the taxes the IRS has assessed and then bring a refund action, again after making a claim with the IRS. *See* 26 U.S.C. § 7422.

6

There is also nothing to suggest that the facts support a finding that the government could not ultimately prevail in its efforts to collect taxes. Further, as noted above the law is also against Shukoski in his claim regarding the unconstitutionality of the system of federal income tax. *See United States v. Buckner*, 830 F.2d 102, 103 (7th Cir. 1987) (noting that the "tax protest" argument that "tax laws are unconstitutional" is, along with other "tired arguments" of the tax protest movement, "an obstinate refusal to acknowledge the law" and "sanction-bait" in civil litigation) (citing *Coleman v. Comm'r Internal Revenue*, 791 F.2d 68 (7th Cir. 1986)); *Coleman*, 791 F.2d at 70 ("Wages are income, and the tax on wages is constitutional.") (citations omitted). So too with his assertion that the tax is voluntary and he has opted out. *See United States v. James*, 328 F.3d 953, 955 (7th Cir. 2003) ("Many litigants articulate beliefs that have no legal support-think of tax protesters who insist that wages are not income, that taxes are voluntary, or that only foreigners must pay taxes . . . ."); *United States v. Raymond*, 228 F.3d 804, 812 (7th Cir. 2000) (the "belief that paying taxes is a voluntary activity does not represent the current state of the law.")

Because the Court has no jurisdiction to grant the injunctive relief Shukoski seeks, his claim to enjoin future garnishment actions for the collection of taxes will be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Dye v. United States*, 516 F. Supp. 2d 61, 73-74 (D.D.C. 2007).

## CONCLUSION

Removal of this action, in which Shukoski attempted to have a state small claims court pass on his disagreement with the amount of federal taxes he paid in the past and the potential that taxes will be collected from him in the future, was appropriate. Shukoski's claims are wholly without

7

merit and will be dismissed. Further, to the extent that Shukoski brought a claim against the United States in tort for past garnishments, it is clear that the United States did not intend to waive sovereign immunity for such claims. Finally, the Anti-Injunction Act provision of the Internal Revenue Code prevents the Court from finding subject matter jurisdiction to entertain Shukoski's claim for injunctive relief. For these reasons defendant's motion to dismiss is **GRANTED**. The Clerk shall enter judgment accordingly.

      **SO ORDERED** this     22nd     day of June, 2009.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge